UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10CV00940 AGF |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before this Court on the motion of Plaintiff Randy Wade for

completion of the record. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

Plaintiff, born on March 3, 1973, filed an application for disability insurance

benefits and supplemental security income in September 2006, alleging a disability onset

date of June 1, 2003, due to discogenic and degenerative disorders of the spine. After

Plaintiff's application was denied at the initial administrative level, he requested a

hearing before an Administrative Law Judge ("ALJ") and such hearing was held on May

20, 2008. By decision dated June 9, 2008, the ALJ found that Plaintiff was not disabled

and therefore not entitled to disability insurance benefits. On March 23, 2010, the

Appeals Council of the Social Security Administration denied Plaintiff's request for

review of the ALJ's decision. Plaintiff's complaint was filed in this Court on May 24, 2010.

Plaintiff now states that he submitted new and material evidence to the Appeals Council on September 5, 2008, and that this evidence is not included in the record. As Plaintiff states, the record does not reflect that the Appeals Council received this evidence. Plaintiff has attached to his motion the evidence that he asserts was submitted to the Appeals Council, as well as an affidavit from his counsel attesting that counsel mailed this evidence to the Appeals Council on September 5, 2008.[1] This evidence consists of a nerve conduction study dated May 19, 2006; a nerve conduction study dated August 21, 2008, indicating L5 radiculopathy; normal thoracic spine MRI results and lumbar spine MRI results showing disc bulge changes at L5-S1, both dated August 25, 2008; and a letter by Plaintiff's counsel dated September 5, 2008, arguing that the new evidence supports Plaintiff's claim for benefits.

Plaintiff notes that the ALJ explicitly discounted Plaintiff's neuropathy impairment in his decision, stating that there was no "further testing" to confirm the neuropathy, and he argues that the nerve conduction studies submitted to the Appeals Council confirm this diagnosis. Plaintiff further argues that the nerve conduction studies undermine the validity of the ALJ's residual functional capacity ("RFC") findings, because the ALJ found that Plaintiff could walk and/or stand six out of eight hours per day, but if the ALJ

---

[1]    The affidavit states that counsel mailed the evidence to the Appeals Council on September 5, 2010, which the Court assumes is a typographical error.

had considered the nerve conduction studies, he would have limited Plaintiff's RFC for walking and standing to less than six hours per day.

Plaintiff also argues that the omitted records are essential to this Court's review of whether substantial evidence supports the Commissioner's decision. Plaintiff requests that the omitted records be included in the record for purposes of this Court's review, or alternatively, that the case be remanded to the Commissioner to take appropriate remedial actions, including filing a complete transcript that includes this evidence, or reconsidering Plaintiff's request for review of the ALJ's decision in light of this evidence. The Commissioner has not responded to Plaintiff's motion.

## **DISCUSSION**

Under agency regulations, the Appeals Council must consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision. Lamp v. Astrue, 531 F.3d 629, 632 (8th Cir. 2008). To be new, evidence must be more than merely cumulative of other evidence in the record, and evidence is material if it is relevant to the plaintiff's condition for the time period for which the benefits were denied. Id. Here, the Court believes that the best course to follow at this point is to grant Plaintiff's request to supplement the record before the Court with the new evidence for purposes of this Court's review of the Commissioner's decision to deny benefits.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for completion of the record

is **GRANTED**. [Doc. #19]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2010.